# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS LAMONT BRYANT, | No. 1:17-CV-01349 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| PA STATE ATTORNEY GENERAL, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### SEPTEMBER 27, 2022

In 2017, Petitioner Travis Lamont Bryant initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Following multiple stays in this Court and return trips to state court, Bryant avers that he has finally exhausted his state remedies and asks the Court to rule on his various Section 2254 claims.  Bryant, however, has procedurally defaulted many of the claims he asserts, and he fails to satisfy the stringent requirements for habeas relief on the merits.  Therefore, the Court must deny his Section 2254 petition.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In 2011, Bryant was convicted after a jury trial of five counts of robbery and one count of criminal conspiracy.[1]  These convictions stem from an armed robbery

---

[1]   *Commonwealth v. Bryant*, No. 908 MDA 2019, 2020 WL 4219719, at *1 (Pa. Super. Ct. July 23, 2020) (nonprecedential).

at a Wine & Spirits store in 2010 by Bryant and codefendant Leonard Chase.[2] Both Bryant and Chase were armed and brandished their weapons, telling store employees and patrons who were present to "hit the ground."[3]  Bryant also put a gun to the temple of one of the store employees, forcing the cash register to be opened.[4]  Chase additionally pointed his gun in the face of another employee in the store's office, forcing that employee to open the store's safe and taking the money inside.[5]  Several other employees and patrons were involved, but were not directly threatened by Bryant or Chase.[6]  Bryant and Chase made off with $679.51, but were apprehended by police a short time later.[7]

Bryant was charged with six counts of robbery—five of which involved identified employees or customers who were present during the robbery.[8]  He was convicted on five of those counts, as well as the conspiracy charge.[9]  Bryant was ultimately sentenced to 34 to 68 years' incarceration, with the sentencing court running the sentences for each robbery conviction consecutively and the conspiracy conviction concurrently.[10]

---

[2]   Doc. 10-5, *Commonwealth v. Bryant*, 64 A.3d 23, No. 2063 MDA 2011, at 2 (Pa. Super. Ct. Dec. 17, 2012) (nonprecedential).

[3]   *Id.*

[4]   *Id.*

[5]   *Id.*

[6]   *Id.* at 3-5.

[7]   *Id.* at 5-6.

[8]   *Id.* at 7.

[9]   *Id.*

[10]  *Id.* at 8 & n.9 (noting that sentencing court imposed a 10- to 20-year sentence for count one, consecutive sentences of 6 to 12 years for counts two through five, and a concurrent term of 6 to 12 years for the conspiracy conviction).

Bryant appealed, and the Superior Court of Pennsylvania affirmed the judgment of conviction on December 17, 2012.[11]  His petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on July 16, 2013.[12]

Bryant then began a circuitous and lengthy post-conviction process, which included multiple state and federal petitions, and which has been ongoing for almost nine years.  Rather than recounting the procedural minutia of Bryant's post-conviction process, the Court notes the following relevant details.

Bryant's first petition under Pennsylvania's Post Conviction Relief Act (PCRA),[13] which was filed in November 2013, was denied by the PCRA court on December 16, 2014.[14]  Bryant appealed, but the only argument he raised on appeal involved the second PCRA petition he had filed in October 2014 before the PCRA court had ruled on his first petition.[15]  The Superior Court affirmed on that limited issue, finding that the December 16, 2014 denial related to Bryant's first PCRA petition (not his second), but also explaining that the second PCRA petition was still pending before the PCRA court.[16]

---

[11]  *Id.* at 18.
[12]  *Commonwealth v. Bryant*, 69 A.3d 599, No. 46 MAL 2013 (Pa. July 16, 2013) (table).
[13]  42 PA. CONS. STAT. § 9541 *et seq.*
[14]  *Commonwealth v. Bryant*, No. 44 MDA 2016, 2016 WL 7212529, at *1 (Pa. Super. Ct. Dec. 13, 2016) (nonprecedential).
[15]  *See id.*
[16]  *Id.* at *2-3.

The PCRA court ultimately denied Bryant's second PCRA petition.[17] Bryant appealed, raising ten issues for review.[18]  The Superior Court found that six of those issues had been waived because Bryant had either failed to present them to the PCRA court or had failed to develop them on appeal.[19]  The panel then denied the remaining four claims on the merits.[20]  On June 14, 2021, the Supreme Court of Pennsylvania denied Bryant's petition for allowance of appeal.[21]

In July 2017, while Bryant's second PCRA petition was being litigated in state court, he filed his first Section 2254 petition in this Court.[22]  He then filed an amended petition on February 26, 2018, raising an additional two-part claim for relief.[23]  Finally, following resolution of his second PCRA petition in state court, he filed a second amended Section 2254 petition, which was received and docketed on October 4, 2021.[24]  The second amended petition asserts four additional claims for relief.  Bryant's Section 2254 claims are—at last—fully briefed and ripe for disposition.

---

[17]  *See Bryant*, No. 908 MDA 2019, 2020 WL 4219719, at *1.
[18]  *Id.* at *1-2.
[19]  *Id.* at *3, 5.
[20]  *Id.* at *3-5.
[21]  *Commonwealth v. Bryant*, 256 A.3d 1092, No. 731 MAL 2020 (Pa. June 14, 2021) (table).
[22]  *See* Doc. 1.
[23]  Doc. 22.
[24]  Doc. 31.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[25]

mandates that petitioners demonstrate that they have "exhausted the remedies

available in the courts of the State" before seeking federal habeas relief.[26]  An

exhausted claim is one that has been "fairly presented" to the state courts "by

invoking one complete round of the State's established appellate review process,"

and which has been adjudicated on the merits.[27]

If a state prisoner has not fairly presented a claim to the state courts "but

state law clearly forecloses review, exhaustion is excused, but the doctrine of

procedural default may come into play."[28]  Generally, if a prisoner has

procedurally defaulted on a claim by failing to raise it in state-court proceedings, a

federal habeas court will not review the merits of the claim, even one that

implicates constitutional concerns.[29]

A few limited exceptions to this rule exist.  One exception is that "[a]

prisoner may obtain federal review of a defaulted claim by showing cause for the

default and prejudice from a violation of federal law."[30]  "Cause for a procedural

---

[25]   28 U.S.C. §§ 2241-2254.

[26]   *Id.* § 2254(b)(1)(A).

[27]   *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

[28]   *Carpenter*, 296 F.3d at 146 (citations omitted).

[29]   *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

[30]   *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).

default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[31]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[32]  If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[33]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[34]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[35]

## III.   DISCUSSION

Bryant raises a host of claims through his initial and amended petitions. Many of his claims are unexhausted and procedurally defaulted.  The Court will examine Bryant's claims in turn, subdivided by each petition filed.

---

[31]  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

[32]  *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[33]  *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

[34]  *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).

[35]  *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

### A.    Initial Section 2254 Petition

Bryant's initial Section 2254 petition raises two grounds from his direct appeal and attempts to incorporate all his claims from his first and second PCRA petitions.[36]  However, only one of the grounds from Bryant's direct appeal is cognizable, Bryant procedurally defaulted any substantive claims from his first PCRA petition, and the relevant claims from his second PCRA petition will be addressed separately below in Section III(C) (as they were still being exhausted in state court when Bryant filed his initial Section 2254 petition).

### 1.    Direct Appeal Grounds

Bryant raised two claims on direct appeal.  He first challenged the sufficiency of the evidence regarding his robbery convictions, arguing that there was insufficient evidence as to several victims and therefore the trial court erred when it denied his motion for a directed verdict.[37]  The Superior Court, in a detailed and lengthy analysis, rejected this sufficiency-of-the-evidence challenge.[38]

On federal habeas review, the level of deference afforded to a state court's decision regarding sufficiency of the evidence is considerable.[39]  "[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The

---

[36]  *See* Doc. 1 at 4, 5, 8, 12.
[37]  *Bryant*, 64 A.3d 23, No. 2063 MDA 2011, at 1-2.
[38]  *Id.* at 8-13.
[39]  *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

federal court instead may do so only if the state court decision was 'objectively unreasonable.'"[40]  The Superior Court's comprehensive analysis of the sufficiency of the evidence in Bryant's case was anything but unreasonable, so any federal habeas claim based on insufficient evidence as to the elements of robbery is patently meritless.

Bryant's second issue on direct appeal asserts that the trial court "abused its discretion by imposing consecutive sentences with respect to" the robbery convictions.[41]  This abuse-of-discretion claim does not implicate federal or constitutional law, and therefore it is not reviewable through a Section 2254 petition.[42]

## 2.    First PCRA Petition Claims

It is unclear if Bryant is attempting to raise the grounds in his first PCRA petition.  Respondent claims this is so.[43]  Bryant presents competing statements in his Section 2254 petition.  To wit, "Petitioner wishes to raise all direct appeal court grounds as well as second PCRA claims."[44] And, several pages later, "Petitioner is raising all direct appeal grounds, First PCRA grounds, and after appeal of second

---

[40]  *Id.* (citation omitted).
[41]  *Bryant*, 64 A.3d 23, No. 2063 MDA 2011, at 2.
[42]  *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").
[43]  *See* Doc. 20 at 10.
[44]  Doc. 1 at 8.

PCRA claims those grounds as well."[45]

The Court need not make a determination on this issue, however, because Bryant has procedurally defaulted any substantive claim raised in his first PCRA petition. As explained above, that petition was denied by the PCRA court on December 16, 2014. On appeal, Bryant raised only a procedural issue regarding whether the PCRA court had ruled on his first or second PCRA petition. Bryant never pressed any ground in his first PCRA petition through "one complete round of the State's established appellate review process," nor was there an adjudication on the merits.[46] Thus, those claims are procedurally defaulted. Bryant has failed to establish cause and prejudice to excuse this procedural default, so any claim asserted in his first PCRA petition is unreviewable in this Court.[47]

### B.    Amended Section 2254 Petition

Bryant filed his first amended Section 2254 petition in February 2018. In it, he raises a single ground for relief with two intertwined issues: (1) that Pennsylvania's Mandatory Minimum Sentencing Act[48] is illegal, and (2) the sentencing court's application of a deadly weapon enhancement to his sentencing guidelines violated *Alleyne v. United States*, 570 U.S. 99 (2013).[49]

---

[45]   *Id.* at 12.

[46]   *Carpenter*, 296 F.3d at 146 (3d Cir. 2002) (quoting *O'Sullivan*, 526 U.S. at 844-45).

[47]   *Martinez*, 566 U.S. at 9.

[48]   42 PA. CONS. STAT. § 9712, *invalidated by Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. Ct. 2014).

[49]   *See* Doc. 22 at 1.

It does not appear that Bryant properly exhausted either claim in state court. The Superior Court found that Bryant had failed to develop the statutory challenge and "therefore ha[d] waived this issue."[50]  It likewise found that Bryant had failed to raise the issue regarding the deadly weapon enhancement in the PCRA court and therefore had waived this claim as well.[51]  Because Bryant did not properly exhaust these claims due to his failure to abide by a state-court procedural rule, they are procedurally defaulted.[52]

Even if Bryant had exhausted the claims or could excuse the procedural default, the claims themselves are meritless.  The sentences for Bryant's robbery convictions were not enhanced in a way that violated *Alleyne*.  *Alleyne* holds that any fact that increases the mandatory minimum sentence is an element of the crime that must be found beyond a reasonable doubt by the trier of fact.[53]  For his first robbery count, Bryant was sentenced to a mandatory minimum sentence of 10 years' imprisonment—pursuant to 42 PA. CONS. STAT. § 9714(a)(1)—for having a

---

[50] *Bryant*, No. 908 MDA 2019, 2020 WL 4219719, at *5 (citing *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.")).

[51] *Id.* at *3 (citing PA. R. APP. P. 1925(b)(4)(vii)).

[52] *See Martinez*, 566 U.S. at 9 ("[U]nder [the doctrine of procedural default,] a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.  A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." (citations omitted)).

[53] *Alleyne*, 570 U.S. at 103, 108.

10

previous conviction for a crime of violence (attempted second-degree murder).[54]

That statutory provision, unlike Section 9712, was not invalidated by *Alleyne*.

*Alleyne*, in fact, carves out a specific exception for the "fact" of prior convictions,

which are not required to be found beyond a reasonable doubt by a jury.[55]

As to the deadly weapon enhancement, that sentencing provision does not

implicate *Alleyne* or *Apprendi* because it did not affect the mandatory minimum or

maximum sentences; it simply informed Bryant's advisory guidelines range.  As

explained in *United States v. Smith*,[56] *Alleyne* "did not curtail a sentencing court's

ability to find facts relevant in selecting a sentence *within* the prescribed statutory

range."[57]  Bryant was sentenced on counts two through five to a minimum of 6

years (or 72 months), which is in the middle of his guidelines range of 66-78

months based on his offense gravity score and prior record score.[58]  There was no

*Alleyne* or *Apprendi* violation when the trial court found that a deadly weapon was

used in the robbery and applied the deadly weapon enhancement to Bryant's

advisory guidelines range.

---

[54]  *See Bryant*, 64 A.3d 23, No. 2063 MDA 2011, at 15-16; Doc. 20-1 at 376.

[55]  *See Alleyne*, 570 U.S. at 112 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *cf. Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[56]  751 F.3d 107 (3d Cir. 2014).

[57]  *Id.* at 117; *see also Alleyne*, 570 U.S. at 113 n.2, 116-17.

[58]  Doc. 20-1 at 377.

## C.    Second Amended Section 2254 Petition

### 1.    Jury Instruction Claims

In his second amended petition, Bryant first asserts that the trial court erroneously instructed the jury regarding the crime of robbery.  He argues that the trial court improperly went beyond the Pennsylvania Suggested Standard Criminal Jury Instructions for robbery (which were provided first) by adding the following statement:

> If you find beyond a reasonable doubt that the Defendant, Travis Lamont Bryant, during the course of committing a theft, threatened more than one person with, or intentionally put more than one person in fear of immediate serious bodily injury, then you should find the Defendant guilty of Robbery for each of those persons, regardless of whether those persons personally possessed or had a personal protected interest in the property stolen, in this case, the cash from the Wine & Spirits store.[59]

Both codefendants' trial attorneys objected to this additional robbery instruction prior to the trial court instructing the jury.[60]  The trial court overruled those objections, concluding that the robbery statute was silent on this particular issue and that the addition was an accurate statement of the law as to robbery where multiple people are present.[61]

Bryant argues that this additional instruction was improper and "coerce[d] the Jury into believing" that because there was evidence of threats made to some

---

[59] Doc. 20-1 at 28-322, 2011 Trial Tr. 441:8-17 [hereinafter Trial Tr. __]; *see also* Doc. 31 at 6-7.

[60] *See* Trial Tr. 354:19-356:12.

[61] *Id.* at 356:13-357:1.

victims (Bryant claims three), then they should convict him for robbing the other victims who were present but not threatened or deprived of property.[62]  Bryant maintains that the improper additional instruction "vacuumed two customers and one employee that were not approached, threaten[ed], nor a gun was pointed towards them by the actors, into a 'one size fit[s] all' Jury charge."[63]

Bryant's claim cannot succeed for several equally important reasons.  First, Bryant did not present this claim to the state courts, cannot now do so, and thus has procedurally defaulted on it.  Bryant, moreover, provides no basis to excuse his procedural default.  Accordingly, this Court is precluded from reviewing this due process claim.[64]

Even if Bryant had exhausted this claim, it would still not warrant relief.  Pennsylvania appellate courts have settled this state-law issue.  If multiple victims are involved during a single theft (or attempted theft), the defendant can be charged and convicted under the robbery statute[65] for each victim who was—*inter alia*—threatened with or intentionally put in fear of immediate bodily injury.[66]

In *Commonwealth v. Rozplochi,* the Superior Court determined that, "by defining the crime of robbery as threatening another during the course of a theft, the legislature intended to permit separate punishments for threatening more than

---

[62]  Doc. 31 at 7-8.
[63]  *Id.* at 8.
[64]  *See Martinez*, 566 U.S. at 9; 28 U.S.C. § 2254(b)(1)(A).
[65]  18 PA. CONS. STAT. § 3701(a).
[66]  *See Commonwealth v. Rozplochi*, 561 A.2d 25, 28-30 (Pa. Super. Ct. 1989).

one person."[67]  Almost 15 years later, in *Commonwealth v. Gillard*, the Superior

Court applied the reasoning of *Rozplochi* to find that a defendant's "physical act of

waving the victims to the back of the room with his gun and requiring that they

remain facing the back wall was sufficiently threatening" to meet the requirements

of the robbery statute.[68]  The *Gillard* panel further held that, even though the

patron-victims in the bar had no "protective concern" for the property stolen from

the establishment, such a fact did not preclude robbery convictions as to each

victim who was threatened.[69]

       Bryant's Fourteenth Amendment due process claim, therefore, fails on the

merits, because the additional jury instruction given by the trial court aligned with

binding Pennsylvania law.  So even if this claim were not procedurally defaulted, it

would not warrant habeas relief because there was no due process violation.

       This conclusion is inextricably tied to Bryant's next claim—that his attorney

on direct appeal was constitutionally deficient for failing to renew the challenge to

the additional jury instruction.  This claim, like its precursor, fails for multiple

reasons.

       First, this Sixth Amendment claim was not raised in state court and is

therefore procedurally defaulted as well.  Bryant attempts to argue that the

---

[67]   *Id.* at 29.
[68]   *Commonwealth v. Gillard*, 850 A.2d 1273, 1276 (Pa. Super. Ct. 2004).
[69]   *Id.*

procedural default can be excused under *Martinez v. Ryan*,[70] but he is mistaken. The Supreme Court of the United States has explicitly held that the *Martinez* exception only applies to defaulted claims of *trial* counsel ineffectiveness and does not extend to defaulted claims of ineffective assistance of appellate counsel.[71] And, as noted, Bryant's trial attorney objected to the additional robbery instruction, and therefore could not have been deemed ineffective if this issue were raised by post-conviction counsel in Bryant's initial PCRA proceeding.

Second, as explained above, the jury instruction itself did not violate Pennsylvania law and consequently did not infringe on Bryant's due process rights. Thus, there is no "substantial" underlying claim of ineffective assistance of appellate counsel because an attorney cannot be deemed ineffective for failing to raise a meritless claim.[72]  Consequently, even if Bryant could somehow overcome procedural default of this Sixth Amendment claim, there was no ineffective assistance by his appellate attorney for failing to challenge a jury instruction that comported with authoritative Pennsylvania case law.

---

[70]   566 U.S. 1 (2012).  *Martinez* permits a federal habeas petitioner to overcome procedural default—*i.e.*, failing to raise a claim in state court—of a "substantial" trial-counsel ineffective-assistance claim if the petitioner can establish that his post-conviction counsel was ineffective in initial-review collateral proceedings.  *Id.* at 9, 14.

[71]   *Davila v. Davis*, 582 U.S. __, 137 S. Ct. 2058, 2062-63 (2017).

[72]   *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 379 (3d Cir. 2018) (citation omitted).

### 2.    Illegal Sentence Claim

Bryant's third claim is difficult to follow.  He describes the claim as: "The Provisions of 42 Pa.C.S. § 9543 Are Applicable to the Legality of Convictions that Result in Illegal Sentences that cannot be Waived and can be raised for the first time on appeal? [sic]"[73]  In what appears to be language copied from state-court litigation, he argues that Pennsylvania "should adopt a legality of the conviction doctrine."[74]  Bryant then argues that Pennsylvania's General Assembly, when it codified the robbery statute, did not intend to "multiply the number of offenses committed during a single criminal transaction based upon the number of persons threatened or placed in fear of bodily injury."[75]

Like his other claims, this claim fails for multiple reasons.  First, Bryant is raising an issue concerning statutory interpretation of state law; he is not claiming that a Pennsylvania criminal statute is unconstitutional.  Such a claim of state-law statutory construction is reserved for the courts of the Commonwealth of Pennsylvania and is not cognizable on federal habeas review.[76]

Second, Bryant's argument is contrary to binding Pennsylvania appellate authority, as explained above.[77]  It is possible that the instant argument is one that he presented to the Supreme Court of Pennsylvania in a petition for allowance of

---

[73]  Doc. 31 at 12.
[74]  *Id.* at 13.
[75]  *Id.* at 14-15.
[76]  *See Wilson*, 562 U.S. at 5; *Estelle*, 502 U.S. at 67-68.
[77]  *See Rozplochi*, 561 A.2d at 28-30; *Gillard*, 850 A.2d at 1276.

appeal.  Nevertheless, it is beyond the purview of this Court to reexamine state-court determinations on state-law questions.

Finally, it appears that Bryant raised this claim (or something similar to it) in the Superior Court but it was found to have been waived because he had failed to present it to the PCRA court.[78]  Because Bryant did not properly exhaust this claim due to his failure to abide by a state-court procedural rule, it is also procedurally defaulted.[79]  And Bryant has again failed to provide cause and prejudice to excuse his procedural default.  For all these reasons, Bryant's third claim does not warrant habeas relief.

### 3. Unconstitutional Sentence Claim

Bryant's last claim is that his sentence of 34 to 68 years' imprisonment is so excessive that it violates the Eighth Amendment to the United States constitution and the Pennsylvania constitution.  This Court notes the draconian nature of the sentence imposed for a robbery that netted less than $700 and caused no physical injuries.  Nevertheless, the Court cannot grant relief on Bryant's claim because he has failed to include any argument (legal or otherwise) in his second amended petition and has therefore abandoned this claim.

---

[78] *See Bryant*, No. 908 MDA 2019, 2020 WL 4219719, at *2-3.

[79] *See Martinez*, 566 U.S. at 9 ("[U]nder [the doctrine of procedural default,] a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.  A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." (citations omitted)).

The Supreme Court of the United States has explained that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."[80]  In *Hutto v. Davis*,[81] the Supreme Court admonished that "federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare."[82]

The Supreme Court, in *Solem v. Helm*,[83] provided three factors to consider when determining whether a sentence is so disproportionate to the offense committed that it violates the Eighth Amendment: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."[84]  It is impossible for this Court to undertake a review of these factors, as Bryant has failed to provide any evidence or argument to support his claim.  Bryant, as the petitioner, bears the burden of establishing his right to habeas relief, and therefore his abandonment of this claim forecloses further analysis.

---

[80]   *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).
[81]   454 U.S. 370 (1982) (per curiam).
[82]   *Id.* at 374.
[83]   463 U.S. 277 (1983).
[84]   *Id.* at 292.

The Court notes, however, that Bryant's sentence for five counts of robbery following his previous commission of attempted second-degree murder does not approach the sentencing disproportionality of cases where relief has been granted or even some cases where relief has been denied.[85]  Each of Bryant's robbery sentences was within the state sentencing guidelines range and reflected his offense gravity score and prior record score.[86]  Thus, Bryant's Eighth Amendment proportionality claim does not merit relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court must deny Bryant's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Bryant has failed to make a substantial showing of the denial of a constitutional right.[87]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[85]  *See Solem*, 463 U.S. at 279 (holding that *life without parole* for a seventh nonviolent felony violated Eighth Amendment); *Ewing*, 538 U.S. at 30-31 (finding that third strike for felony theft with resultant sentence of 25 years to life did not violate Eighth Amendment); *Hutto*, 454 U.S. at 372 (holding that two consecutive terms of 20 years' imprisonment for possession with intent to distribute marijuana and distribution of marijuana did not violate Eighth Amendment).
[86]  *See* Doc. 33 at 22.
[87]  *See* 28 U.S.C. § 2253(c)(2).